```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


AB MAURI FOOD, INC., d/b/a        )
Fleischmann's Yeast,              )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )      No. 4:07CV811-DJS
                                  )
JOHN HAROLD, TERRY STRANG and     )
BUSINESS LOGISTICS, INC.,         )
                                  )
            Defendants.           )
```

## ORDER

This action was removed from the Circuit Court of St. Louis County on the basis of federal question jurisdiction, because the petition asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1962(c). Now before the Court are motions to dismiss by all three defendants, challenging the pleading of the RICO claims as well as the fraud and unjust enrichment claims pled under state law.

Plaintiff AB Mauri Food, Inc., formerly known as Burns Philp Food, Inc., does business as Fleischmann's Yeast. Plaintiff manufactures yeast products for consumer and industrial use. Defendant Business Logistics provides supply chain, transportation and logistics consulting and management services. Defendant John Harold is the President of Business Logistics. Defendant Terry Strang is an employee and agent of Business Logistics.

The following facts are alleged in plaintiff's petition. Until August 2000 defendant Strang was employed with plaintiff as its Transportation Manager, responsible for arranging for trucking companies to haul plaintiff's products from distribution points to customers. In August 2000, Strang left plaintiff's employ and went to work for Business Logistics, to whom plaintiff then outsourced its transportation management needs for a flat annual fee. The parties' agreement precluded Business Logistics from accepting payment in excess of the negotiated flat fee paid by plaintiff.

Business Logistics arranged for various carriers to ship plaintiff's product, and those carriers would invoice plaintiff. Unbeknownst to plaintiff, defendants obtained additional payments beyond the flat fee by adding a commission to the rate charged by carriers for trucking services, which commission would be paid to Business Logistics by the carrier after it received the inflated payment from plaintiff. Plaintiff alleges that defendants are liable to plaintiff under various legal theories for this "kickback" scheme.

Count I of plaintiff's petition asserts a RICO claim under 18 U.S.C. §1962(c) against all three defendants. Count II asserts a RICO claim of conspiracy to violate §1962(c) against only individual defendants Harold and Strang. Defendants argue that the RICO claims are subject to dismissal because they do not meet the short and plain statement requirement of Fed.R.Civ.P. 8(a), but also because they lack the particularity required of fraud-based

claims by Rule 9(b). Although undeniably lengthy, the petition sets forth in sufficiently short and plain statements both the grounds for the Court's jurisdiction and the causes of action upon which relief is sought, as well as plaintiff's demands for relief. The circumstances allegedly constituting fraud are stated, although repetitively, with sufficient particularity as required by Rule 9(b). For example, ¶33 states the allegedly fraudulent scheme in a single paragraph. A more detailed outline of the alleged scheme is set forth in ¶¶34-42. Further, reference to the exhibits attached to and incorporated in the petition provides additional detail concerning the alleged kickback scheme. The Court is unpersuaded that plaintiff's pleading is subject to dismissal for failure to comply with either Rule 8(a) or Rule 9(b).

The elements of a RICO claim under §1962(c) are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Movants argue that the alleged predicate acts do not constitute racketeering activity because they amount to a mere breach of contract. Movants contend that mere allegations of breach of contract are here labeled as mail and wire fraud by plaintiff in order to cloak them as predicate acts for racketeering purposes. The Court disagrees. The allegations here, even if also of a breach of the parties' agreement, involve a specific intent to defraud and a calculation to deceive constituting adequate pleading of mail and wire fraud as racketeering activity. The intentional,

3

deliberate and planned concealment of the conduct, whether or not the conduct was itself a breach of the parties' agreement, differentiates the allegation from a mere breach and satisfies the RICO predicate act requirement.

Movant argues that plaintiff wrongly interprets the parties' agreement as prohibiting the commissions arranged by Business Logistics, and that such an interpretation would be economically absurd and therefore lack consideration. These arguments are not shown to provide grounds for dismissal under Rule 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). More than a speculative right to relief, the complaint must contain direct or inferential allegations as to the material elements of the cause of action pled. Defendants' challenges to plaintiff's proof of its factual allegations, and legal arguments concerning the parties' contract, do not support dismissal for failure to state a claim.[1]

Next movants challenge whether the RICO allegations satisfy the requirement of a "pattern" of racketeering activity. In addition to the statutory requirement of at least two predicate

---

[1] Movants' reference to exhibits beyond the pleadings but reluctance to convert their motion to one for summary judgment signifies some recognition of the non-12(b)(6) character of these arguments. Def. Memo. [Doc. #11], p.15, n.35, and p.17.

4

acts of racketeering activity, the "pattern" element of RICO has been interpreted to consist of relatedness and continuity requirements: "a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Company, 492 U.S. 229, 239 (1989) (emphasis in original). Defendants argue that the continuity prong of a RICO pattern is not met, because only two specific predicate acts are alleged to have occurred within a calendar year, and because there is only a single victim of a single allegedly fraudulent scheme.

The Court agrees with plaintiff that many more than the two specific predicate acts cited by defendants are alleged to have been involved in the fraudulent scheme at issue here, and those spread over a six-year period. The complaint alleges that between July 2000 and August 2006 defendants committed or caused to be committed the transmission of false rate schedules, fraudulent invoices and payments through either the interstate mail or wire services on hundreds of occasions, each in violation of 18 U.S.C. §1341 or §1343. Petition [Doc. #1], p.38, ¶¶115, 117.

More significant is movants' argument about plaintiff's claim involving only a single fraudulent effort against a single victim. In H.J. Inc. the Supreme Court rejected a multiple scheme test for the continuity prong of a RICO pattern. H.J., Inc., 492

5

U.S. at 240.  Nonetheless, while acknowledging H.J.'s teaching on that issue, a number of courts since that decision have found the continuity prong to be absent for allegations involving unlawful activities too small in scale or scope.  In Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1265 (D.C. Cir. 1995), the D.C. Circuit opined that the combination of a single scheme, a single injury and few victims "makes it virtually impossible for plaintiffs to state a RICO claim."

More recently, in 2001, the D.C. Cir. again found a plaintiff had failed to satisfy the continuity prong where it "alleged only a single scheme, a single injury, and a single victim." Western Associates Limited Partnership v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001).  Another Court of Appeals has expressed the view that:

> RICO is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes (for example, several unlawful mailings)...A single "scheme may be reached by RICO,...but only if it reasonably broad and far reaching.

Systems Management, Inc. v. Loiselle, 303 F.3d 100, 105 (1st Cir. 2002).

In Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 18-19 (1st Cir. 2000), the First Circuit reviewed its own and other Courts of Appeals' precedent rejecting RICO liability where the alleged racketeering acts comprise a single criminal episode with a single fraudulent goal, and do not pose a threat of continued criminal activity or a potential to extend to other

6

victims.  Id.; *see cases cited* at 18-21.  The First Circuit particularly noted a need for caution with respect to "RICO claims premised on mail or wire fraud...because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it."  Id. at 20.

The Seventh Circuit has been often quoted for its warning that:

> Virtually ever garden-variety fraud is accomplished through a series of wire or mail fraud acts that are "related" by purpose and spread over a period of at least several months.  Where such a fraudulent scheme inflicts or threatens only a single injury, we continue to doubt that Congress intended to make the availability of treble damages and augmented criminal sanctions [under RICO] dependent solely on whether the fraudulent scheme is well enough conceived to enjoy prompt success or requires pursuit for an extended period of time.

Marshall-Silver Constr. Co. v. Mendel, 894 F.2d 593, 597 (3rd Cir. 1990), *quoted in* Efron, 223 F.3d at 20-21, and in U.S. Textiles, Inc. v. Anheuser-Busch Cos., 911 F.2d 1261, 1268 (7th Cir. 1990). This Court finds that, even with the temporal scope of the alleged predicate acts in the instant case:

> where the racketeering activity exceeds in duration the "few weeks or months" that the Supreme Court in H.J. Inc. deemed inadequate, but is neither so extensive in reach nor so far beyond the minimum time period that common sense compels a conclusion of continuity, the fact that a defendant has been involved in only one scheme with a singular objective and a closed group of targeted victims also strikes us as "highly relevant."

Efron, 223 F.3d at 18.

This Court's 1994 order in <u>Trans World Airlines, Inc. v. Berger</u>, 864 F.Supp. 106 (E.D.Mo. 1994), has been cited to the Court here. The reference there to a *societal* threat was derived from the Third Circuit's opinion in <u>Marshall-Silver</u>, and that factor was later rejected by the Third Circuit in <u>Tabas v. Tabas</u>, 47 F.3d 1280, 1293 n.17 (3rd Cir. 1995). Nonetheless, the Court's conclusion in <u>Trans World</u> is not overturned by that reliance, and the Court again reaches the same conclusion on a similar analysis. Repetitive fraudulent conduct by one set of perpetrators against a single victim, narrowly directed toward a single fraudulent goal – there as here recovering excessive commissions from plaintiff beyond those contemplated by the parties' agreement – is a "garden variety fraud" rather than a "pattern" with the species of continuity required for RICO liability.

<u>H.J. Inc.</u> indicates that RICO pattern continuity can be found "where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business." <u>H.J. Inc.</u>, 492 U.S. at 243. In opposition to the instant motion, plaintiff cites the conclusory allegation of its complaint that this factor applies here. Petition [Doc. #1], p.40, ¶128. The factual allegations offered in support (<u>Id</u>. at ¶129) merely consist of defendants' protestations in defense of plaintiff's claims. The alleged fraud involves covering up defendants' alleged breach of a particular agreement between these parties. On this record, the

8

Court is not persuaded that the "regular conduct of business" factor supports a finding that continuity is adequately pled.

Upon the foregoing analysis, the Court concludes that plaintiff's petition does not contain direct or inferential allegations as to the material element of a "pattern" of racketeering activity, because the prong of continuity is not met. This determination under Rule 12(b)(6) is fatal to both RICO claims, and Counts I and II will be dismissed for failure to state a claim upon which relief may be granted. The Court therefore does not reach the separate challenge, made only to Count I, that the necessary RICO enterprise is not alleged.

Because complete diversity between the parties is lacking, the Court's jurisdiction over the state law claims pled in Counts III and IV is supplemental, pursuant to 28 U.S.C. §1367. Upon the dismissal of the federal RICO claims in Counts I and II, the Court will decline to exercise supplemental jurisdiction over the remaining claims, as provided for in §1367(c)(3). Movants' arguments for dismissal of Counts III and IV will therefore not be addressed. Counts III and IV will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them.

Accordingly,

**IT IS HEREBY ORDERED** that defendants John Harold and Business Logistics' motion to dismiss [Doc. #10] is denied in part and granted in part.

**IT IS FURTHER ORDERED** that defendant Terry Strang's motion to dismiss [Doc. #13] is denied in part and granted in part.

**IT IS FURTHER ORDERED** that defendant John Harold and Business Logistics' request for oral argument on their motion to dismiss [Doc. #37] is denied.

Dated this ___27th___ day of March, 2008.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE